UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8040 CAS (JCGx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | BERNARD GIFFORD v. MIDLAND CREDIT MANAGEMENT, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| ISABEL MARTINEZ | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Douglas Baek | | John Mayers | |

**Proceedings:**   **DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED R. CIV. P. 12(c)** (filed 6/30/11)

**I.   INTRODUCTION**

On October 26, 2010, plaintiff Bernard Gifford filed his complaint in the instant action against Defendant Midland Credit Management, Inc. ("Midland"). On January 7, 2011, plaintiff filed a first amended complaint against Midland, alleging claims for: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; and (2) violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq. Plaintiff's claims arise from allegedly false statements made in a letter sent by defendant to plaintiff in an attempt to collect a debt. In his first claim, plaintiff alleges that in sending the letter, defendant "violated § 1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt"; "violated § 1692e(5) of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action"; and "violated § 1692e(10) of the FDCPA using false and deceptive means in an attempt to collect a debt."  Compl. ¶ 18. In his second claim, plaintiff alleges that Defendant "violated § 1788.13(c) of the RFDCPA by communicating with Plaintiff in the name of an attorney or counselor at law, when such communication is not by an attorney or counselor at law nor approved or authorized by any such attorney or counselor at law"; "violated § 1788.13(j) of the RFDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action"; and "violated § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8040 CAS (JCGx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | BERNARD GIFFORD v. MIDLAND CREDIT MANAGEMENT, INC. | | |

contained within the FDCPA, 15 U.S.C. § 1692 et seq." Id. at ¶ 23.[1]

On June 30, 2011, defendant filed the instant motion for judgment on the pleadings. On July 18, 2011, plaintiff filed an opposition to defendant's motion. On July 26, 2011, defendant filed a reply in support of its motion. Defendant's motion is currently before the Court.

## II. LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004).

## III. DISCUSSION

Defendant argues that its motion should be granted because "[p]lainly and objectively cannot violate the FDCPA or Rosenthal Act because the words used are not false, deceptive or misleading." Mot. at 5. To the extent plaintiff's claims are based on the theory that the letter is misleading because it falsely threatens imminent legal action, defendant argues that it fails because "[t]he Letter never threatened litigation, but rather alerted Plaintiff to Midland's position and asked for a call. . . . Even the least

---

[1] In his opposition to the instant motion, plaintiff dismisses his RFDCPA claim to the extent it alleges a violation of § 1788.13(c). Opp. at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8040 CAS (JCGx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | BERNARD GIFFORD v. MIDLAND CREDIT MANAGEMENT, INC. | | |

sophisticated consumer could not interpret the Letter as an inappropriate threat." [2] Id. at 6. Specifically, defendant argues, "the Letter is neither a threat to take action that cannot legally be taken nor a threat to take unintended cation. It is not a threat at all. The Letter makes clear that Midland has not yet decided whether to file suit but that litigation 'may' be initiated if the matter cannot be resolved. The mere fact that an account may be forwarded to an attorney does not mean that litigation will inevitably follow."[3] Id. at 5-6.

To the extent the claims are based on an allegation that Midland misrepresented that the letter sent in the name of an attorney or counselor at law, defendant argues that "there is nothing in the language chosen to indicate that the Letter came from an attorney." Id. at 7. "[T]he letter informs Plaintiff that his account had been placed with Midland, a debt collection company. . . . Nowhere does the letter reference an attorney nor does the signature line indicate that the author claims to be an attorney." Id. Moreover, defendant argues, the heading of the letter indicates that it is a "PRE-LEGAL REVIEW"; this disclaimer "clearly discloses the absence of any attorney involvement." Id.

In opposition, plaintiff argues that defendant mischaracterizes the letter at issue, and that "to the least sophisticated consumer, [the] language [of the letter] suggests that the only way to avoid legal action would be to comply with defendant's demand to remit payment in full. . . . Defendant's statement that it will be forced to take legal action conveys a realistic rather than a hypothetical threat. . . . The clear import of the language, taken as a whole, is that some type of legal action has already been or is about to be initiated." Opp. at 8. In that regard, plaintiff argues, the language is comparable to that considered in Pipiles v. Credit Bureau of Lockport, Inc., 886 F. 2d 22, 25 (2d Cir. 1989), Berger v. Suburban Credit Corp., 2006 WL 2570915 at *7 (E.D.N.Y. Sept. 5, 2006), and

---

[2] It is undisputed that "the Ninth Circuit applies the 'least sophisticated debtor' standard in determining whether a debt collector is liable under the FDPCA." Opp. at 3.

[3] The letter, attached as Exhibit A to plaintiff's complaint reads, in relevant part: "Midland Credit Management, Inc. is considering forwarding this account to an attorney with the intent to initiate legal action to satisfy the debt. Upon receipt of this notice, please call to discuss your options. If we don't hear from you or receive payment by 08-03-2010, we may proceed with forwarding this account to an attorney."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8040 CAS (JCGx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | BERNARD GIFFORD v. MIDLAND CREDIT MANAGEMENT, INC. | | |

Baker v. G.C. Services Corp., 677 F. 2d 775 (9th Cir. 1982), among others.[4] Id. at 7. "Accordingly, Defendant's representation that it may take legal action against Plaintiff would be misleading, and in violation of section 1692e(5) of the FDCPA, if Defendant had reason to know that it did not intend to file a lawsuit against Plaintiff." Id. at 8 Moreover, plaintiff argues, the question of "whether the 'least sophisticated debtor' would construe Defendant's letter as deceptive is a question for the jury and not an appropriate inquiry on a motion for judgment on the pleadings." Id. at 10.

The Court finds that a reasonable jury might determine that the letter at issue was a "deceptive" or "misleading" communication in violation of § 1692e, which would in turn violate the RFDCPA.[5] The Court finds that the language in the letter at issue herein is more suggestive of imminent litigation than the language considered in some of the other cases referred to by defendant. For example, unlike the language considered in Loomis, where the Court concluded that the communication at issue implied only that the defendant would "recommend that FIA consult its attorney to determine whether FIA should commence legal action," in this case, the language of the letter indicates that defendant represented that it was considering "forwarding this account to an attorney *with the intent to initiate legal action* to satisfy the debt." (Emphasis added). The Court concludes that, viewing the letter as a whole, a reasonable jury could determine that it "created the impression that legal action by defendant is a real possibility," and that therefore, that it was a threat to take action that defendant did not intent to take. Baker v. G.C. Services Corporation, 677 F. 2d 775, 779 (9th Cir. 1982). In reaching this

---

[4] In reply, defendant contends that these cases are distinguishable from the instant dispute, and instead suggests the Court look to Loomis v. Leading Edge Recovery Services Inc., 10 CV 1614 JVS (AGR) (C.D. Cal. Feb. 17, 2011), Jenkins v. Union Corp., 999 F. Supp. 1120 (N.D. Ill. 1998), in addition to the cases cited by defendant in its opening brief, Adams v. J.C. Christensen & Associates, Inc., 2011 WL 1195788 (D. Minn. Mar. 28, 2011); Wilkins, Jr. v. Global Credit & Collection Corp., 2011 WL 833999 (N.D. Fl. Mar. 4, 2011); and Walsh v. Frederick J. Hanna & Associates, P.C., 2010 WL 5394624, *3 (E.D. Cal. Dec. 21, 2010).

[5] Although defendant asserts that "[t]his Court and opposing counsel know full well that Midland files thousands upon thousands of cases each month across the nation," the Court further concludes that the issue of defendant's intent is more properly decided on a more complete record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8040 CAS (JCGx) | Date | August 8, 2011 |
|---|---|---|---|
| Title | BERNARD GIFFORD v. MIDLAND CREDIT MANAGEMENT, INC. | | |

conclusion, the Court is persuaded by Brown v. Card Service Center, 464 F. 3d 450, 455 (3d Cir. 2006), which considered a letter that had similarly conditional language, and concluded that "it would be deceptive under the FDCPA for [defendant] to assert that it *could* take an action that it had no intention of taking and has never or very rarely taken before." (Emphasis in original). Similarly, here, the letter indicates that if the debtor fails to respond by a date certain, that the account "may" be forwarded to attorney, "with the intent to initiate legal action to satisfy the debt." As in Brown, "[u]pon reading the . . . Letter, the least sophisticated debtor might get the impression that litigation or referral to a CSC lawyer would be imminent if her or she did not respond within" the allotted time. Id.

## IV. CONCLUSION

In accordance with the foregoing, defendant's motion for judgment on the pleadings is DENIED.

IT IS SO ORDERED.

| | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | IM | | |